UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD THOMAS SCHOLZ, <br><br> Plaintiff and Defendant-in-Counterclaim, <br><br> v. <br><br> BARRY GOUDREAU, <br><br> Defendant and Plaintiff-in-Counterclaim. | Civil Action No. 1:13-cv-10951-DJC |

### BARRY GOUDREAU'S MOTION FOR CLARIFICATION OF AND/OR RELIEF FROM ALLEGED JUDICIAL ADMISSION

Defendant and Plaintiff-in-Counterclaim Barry Goudreau ("Goudreau") respectfully submits this Motion for Clarification of and/or Relief from Alleged Judicial Admission. As set forth more fully below and in the Memorandum of Law in Support of Barry Goudreau's Motion for Clarification of and/or Relief from Alleged Judicial Admission, filed herewith, Goudreau's motion should be ALLOWED.

In his recent Motion for Reconsideration, Scholz argued for the first time that Paragraph 53 of Goudreau's counterclaims amounts to a binding judicial admission that supersedes and renders moot the entire undisputed evidentiary record. *See* D. 144. Prior thereto, Scholz had only argued that Paragraph 53 was an *evidentiary* admission. Indeed, the Court itself has only ever treated Paragraph 53 as an evidentiary admission, which could be (and was) rebutted by other evidence in the record. *See* D. 113 at 10. In his Opposition to Scholz's Motion for Reconsideration, Goudreau explained that Scholz was precluded from arguing the Paragraph 53 is a judicial admission because such an argument was never raised at summary judgment. *See* D. 149 at 2-5. Goudreau also argued that Paragraph 53 was in fact *not* a judicial admission and, even assuming *arguendo* that it was, that the Court should exercise its "broad discretion" to

relieve Goudreau of the unintended consequences of same.  *See* D. 149 at 5-8.  The Court ultimately denied Scholz's Motion for Reconsideration, but did not reach the issue of whether or not Paragraph 53 amounted to a judicial admission or, if it did, whether or not the Court would relieve Goudreau of the resulting consequences.  *See* D. 162.

As Scholz will continue to rely upon this single phrase to disregard the entire established evidentiary record, Goudreau respectfully requests that the Court clarify that the statement at Paragraph 53 is not a binding judicial admission.  In addition, even assuming *arguendo* that the statement at issue could be considered a judicial admission, Goudreau would respectfully request that the Court use its "broad discretion" to relieve Goudreau of the unintended consequences of same, by ordering that Paragraph 53 is hereafter to be considered an evidentiary admission (and not a binding judicial admission) and/or by granting Goudreau leave to file an amended counterclaim, which would merely remove the disputed phrase "or as an original member of BOSTON."

WHEREFORE, for the foregoing reasons and those set forth in the Memorandum of Law in Support of Barry Goudreau's Motion for Clarification of and/or Relief from Alleged Judicial Admission, Goudreau's motion should be ALLOWED.

        Respectfully submitted,

        **BARRY GOUDREAU**

        By His Attorneys,

        /s/ *Joseph P. Messina*
        Joseph P. Messina (BBO# 559328)
        jmessina@hayesmessina.com
        Brian J. Bosworth (BBO# 685163)
        bbosworth@hayesmessina.com
        Hayes Messina Gilman & Hayes LLC
        200 State Street, 6th Floor
        Boston, MA 02109
        Tel:  (617) 439- 4200
        Fax:  (617) 443-1999

Dated:  December 29, 2015

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I hereby certify that undersigned counsel conferred with Lawrence G. Green, counsel for Donald Thomas Scholz, via email on December 28, 2015, and attempted in good faith to narrow the issues presented in this motion.

        /s/ *Brian J. Bosworth*
        Brian J. Bosworth

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December, 2015, a true and correct copy of this document was electronically filed with the Clerk of the Court through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) pursuant to Local Rule 5.4(C).

        /s/ *Brian J. Bosworth*
        Brian J. Bosworth